IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL HAMPTON, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

NAVIGATION CAPITAL PARTNERS,
INC.,

Defendant.

C.A. No. 1:13-747-LPS

## MOTION TO DISMISS PLAINTIFF'S CLAIMS

Navigation Capital Partners, Inc. ("Defendant") hereby moves (this "Motion") the Court to dismiss the Class Action Complaint [D.I. 1] (the "Complaint") filed by Plaintiff Daniel Hampton ("Plaintiff"), on behalf of himself and others similarly situated, pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure of Plaintiff to state a claim upon which relief may be granted. Alternatively, Defendant moves the Court to either dismiss or transfer this litigation pursuant to Federal Rule of Civil Procedure 12(b)(3) and the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2104(a)(5), for improper venue.

In the Complaint, Plaintiff alleges that he and the proposed class members were terminated from employment with their actual employer, Metadigm,[1] without receiving 60 days' advance written notice, in violation of the WARN Act, and that Defendant, the alleged majority shareholder of Metadigm, is liable for this violation as a "single employer" under the WARN Act. See D.I. 1, ¶¶ 1-2, 7.

---

[1] Plaintiff uses the term "Metadigm" to refer collectively to Metadigm Holdings, Inc., Metadigm Services, Inc. and Metadigm Engineering, Inc. D.I.1, ¶ 9, n.1.

The Complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because it does not contain factual allegations that, if true, are sufficient to hold Defendant liable as a "single employer" with Metadigm pursuant to the standard for WARN Act single-employer liability in the Third Circuit. Although Plaintiff sufficiently pleads facts relating to the first and second factors of the test for single-employer liability, Plaintiff's allegations relating to the third through fifth factors are nothing more than conclusions that are not entitled to a presumption of truth. Because satisfaction of the first and second factors alone is insufficient to hold a lender or parent company liable as a single employer under the WARN Act, Plaintiff has failed to state a claim against Defendant. Additionally, the Complaint omits facts critical to stating a cause of action against any type of employer under the WARN Act. Thus, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss the claims contained in the Complaint.

Plaintiff's claims are also subject to dismissal or transfer pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is improper in this District. The WARN Act's exclusive venue provisions specify that there are only two proper venues: where the violation occurred or where the defendant transacts business. 29 U.S.C. § 2104(a)(5). The Complaint alleges that the violation occurred in or near Atlanta, Georgia, which is in the Northern District of Georgia. Moreover, the Defendant does not transact business in Delaware, nor does the Complaint allege that the Defendant transacts business in this District. Accordingly, venue is improper in this District.

For the foregoing reasons, and as more fully set out in the accompanying Brief in Support of Motion to Dismiss Plaintiff's Claims, Defendant respectfully requests that this Court dismiss this action for the failure of Plaintiff to state a claim for which relief can be granted. If the Court

denies the Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant respectfully requests that the Court dismiss, or, in the alternative, transfer the case to the Northern District of Georgia pursuant to Federal Rule of Civil Procedure 12(b)(3).

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| James H. Coil III<br>KILPATRICK TOWNSEND<br>  & STOCKTON LLP<br>Suite 2800<br>1100 Peachtree Street NE<br>Atlanta, GA 30309-4528<br>Tel: (404) 815-6500<br><br>Dated: June 3, 2013<br>1108688 | By: */s/ Kathleen Furey McDonough*<br>   Kathleen Furey McDonough (#2395)<br>   Nicholas J. Brannick (#5721)<br>   Hercules Plaza, Sixth Floor<br>   1313 North Market Street<br>   P.O. Box 951<br>   Wilmington, Delaware 19899-0951<br>   Tel: (302) 984-6000<br>   kmcdonough@potteranderson.com<br>   nbrannick@potteranderson.com<br><br>*Attorneys for Defendant* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Nicholas J. Brannick, hereby certify that on June 3, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on June 3, 2013, the attached document was electronically mailed to the following person(s):

>Frederick Rosner, Esquire
>Julia B. Klein, Esquire
>THE ROSNER LAW GROUP LLC
>824 Market Street, Suite 810
>Wilmington, DE 19801
>rosner@teamrosner.com
>klein@teamrosner.com

>*/s/ Nicholas J. Brannick*
>Kathleen Furey McDonough (#2395)
>Nicholas J. Brannick (#5721)
>POTTER ANDERSON & CORROON LLP
>(302) 984-6000
>kmcdonough@potteranderson.com
>nbrannick@potteranderson.com