IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL HAMPTON, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NAVIGATION CAPITAL PARTNERS, INC.,<br><br>　　　　　　　　Defendant. | C.A. No. 1:13-747-LPS |

## ANSWER

Defendant Navigation Capital Partners, Inc. ("NCP" or "Defendant") answers the Complaint of Plaintiff Daniel Hampton ("Plaintiff") as follows:

## NATURE OF THE ACTION

1. NCP admits that Plaintiff brings this action for the claims alleged; denies any wrongful conduct; and denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. NCP admits that it contracted with Robert Shively, an experienced industry executive, termed him its "Executive-in-Residence," and tasked him with identifying acquisition targets for investment purposes. NCP denies that it hired or employed Robert Shively and denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. NCP admits that NCP arranged for Robert Shively to become CEO and Director of Metadigm Services, Inc. and for Larry Mock, Eerik Giles, and Craig Kirsch to become members of the board of directors. NCP denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. NCP denies the allegations contained in Paragraph 4 of the Complaint.

5. NCP admits that it routinely offered one of its Operating Partners to act as a bridge between the CEO of the portfolio company and NCP's investment professionals to help a portfolio company achieve its long-term goals and investment objectives and help ensure its objectives and goals were being met. NCP admits that Craig Kirsch performed the Operating Partner role for the Metadigm companies. NCP denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. NCP admits that the Operating Partner's sole focus is to interface as a "true partner" with the portfolio company's CEO and help knit together – along with the NCP's investment team – the operational, financial, and strategic areas of the business into a plan to achieve growth. NCP admits that Craig Kirsch strove to accomplish those goals. NCP denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. NCP admits that on or about March 18, 2013, 150 or so Metadigm employees were terminated without having received 60 days' notice in advance of their terminations. NCP denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. NCP admits that on March 15, 2013, the Board of Directors of Metadigm Holdings, Inc. authorized the filing of the chapter 7 petition of Metadigm Holdings Inc. and its subsidiaries, and that the petition was filed on March 21, 2013, along with those of Metadigm Services Inc. and Metadigm Engineering Inc., in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 13-56201-crm. NCP denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. NCP admits that on March 26, 2013, Plaintiff filed adversary proceedings seeking WARN Act relief against Metadigm Holdings Inc., Metadigm Services Inc., and Metadigm Engineering Inc. and denies the remaining allegations contained in Paragraph 9 of the

Complaint. NCP admits the allegations contained in the footnote attached to Paragraph 9 of the Complaint.

10. NCP admits that Plaintiff purports to bring this action on behalf of himself and other similarly situated individuals for the claims alleged; denies that NCP acted as a "single employer with Metadigm" in connection with the alleged plant closing or mass layoffs by Metadigm; denies any wrongful conduct; and denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. NCP admits that Plaintiff and the alleged similarly situated employees purport to seek to recover 60 days of wages and benefits pursuant to the WARN Act from NCP; denies that Plaintiff or any similarly situated employees are entitled to any relief whatsoever from NCP; denies any wrongful conduct; and denies the remaining allegations contained in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. NCP admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5) and denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. NCP admits that this Court has personal jurisdiction over it because it is incorporated in this judicial district and therefore resides in this judicial district and admits that the Metadigm Debtors are all incorporated in Delaware. NCP denies that it is a "single employer" with the Metadigm Debtors, but states that the Metadigm Debtors' principal of business is in the Northern District of Georgia, states that none of the Metadigm Debtors transacts business in this judicial district, and denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint assert a legal conclusion to which no response is required. NCP admits that it is incorporated in this judicial district, but states that its principal place of business is in the Northern District of Georgia and that it does not transact business in this judicial district.

## THE PARTIES

15. NCP denies that Plaintiff was employed by Defendant. NCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint.

16. NCP admits that other individuals worked at Metadigm Services, Inc.'s Atlanta Facility or at 45 Chamisa Road, Covington, Georgia until the termination of their employment on March 18, 2013; states that the allegation that these other individuals are similarly situated to Plaintiff states a legal conclusion to which no response is required; and denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. NCP admits that it is a Delaware corporation with its principal place of business located at One Buckhead Plaza, 3060 Peachtree Road NW, Suite 780, Atlanta, Georgia and denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. NCP denies the allegations contained in Paragraph 18 of the Complaint.

19. NCP admits that Metadigm Holdings, Inc. owns 100 percent of the shares of Metadigm Services, Inc. and denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. NCP denies the allegations contained in Paragraph 20 of the Complaint.

21. NCP admits that Metadigm Services, Inc. owns 100 percent of the shares of Metadigm Engineering, Inc. and denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. NCP denies the allegations contained in Paragraph 22 of the Complaint.

23. NCP denies the allegations contained in Paragraph 23 of the Complaint.

24. NCP denies the allegations contained in Paragraph 24 of the Complaint.

25. NCP denies the allegations contained in Paragraph 25 of the Complaint.

## **WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104**

26. NCP admits that Plaintiff brings this action for the claims alleged and on behalf of the other similarly situated employees alleged, states that the allegation that these individuals are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) states a legal conclusion to which no response is required, denies that any of the "affected employees" worked at Defendant's facilities, denies that they were employed by or terminated by Defendant, denies any wrongful conduct, and denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. NCP denies the allegations contained in Paragraph 27 of the Complaint.

28. NCP denies the allegations contained in Paragraph 28 of the Complaint.

29. NCP denies the allegations contained in Paragraph 29 of the Complaint.

30. NCP states that the allegations contained in Paragraph 30 of the Complaint state legal conclusions to which no response is required.

31. NCP denies the allegations contained in Paragraph 31 of the Complaint.

32. NCP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the competency and experience of Plaintiff's counsel and denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. NCP states that the allegations contained in Paragraph 33 of the Complaint state legal conclusions to which no response is required, denies that Plaintiff or any purported class members are entitled to any relief whatsoever from NCP, and otherwise denies the allegations contained in Paragraph 33 of the Complaint.

34. NCP states that the allegations contained in Paragraph 34 of the Complaint state legal conclusions to which no response is required, denies that Plaintiff or any purported class members are entitled to any relief whatsoever from NCP, and otherwise denies the allegations contained in Paragraph 34 of the Complaint.

35. NCP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

## ALLEGED CLAIMS FOR RELIEF

### Alleged Violation of the WARN Act, 29 U.S.C. § 2104

36. NCP incorporates by reference its responses to Paragraphs 1-35 of the Complaint as if fully restated herein.

37. NCP denies the allegations contained in Paragraph 37 of the Complaint.

38. NCP states that the allegation that it was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) states a legal conclusion to which no response is required and denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. NCP denies that it and Metadigm constitute a "single employer", admits that Shively was the President and CEO of Holdings, Services, and Engineering, admits that Mock

was a Director of Holdings and Engineering and Chairman of Services, admits that Giles was the Secretary/Director of Holdings, the VP/Secretary/Treasurer/Director of Services, and the Secretary/Director of Engineering, and denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. NCP denies the allegations contained in Paragraph 40 of the Complaint.

41. NCP states that the allegations contained in Paragraph 41 of the Complaint state legal conclusions to which no response is required. To the extent there are any factual allegations, NCP denies them.

42. NCP denies the allegations contained in Paragraph 42 of the Complaint.

43. NCP denies the allegations contained in Paragraph 43 of the Complaint.

44. NCP denies the allegations contained in Paragraph 44 of the Complaint.

45. NCP denies the allegations contained in Paragraph 45 of the Complaint.

46. NCP denies the allegations contained in Paragraph 46 of the Complaint.

47. NCP admits that it did not pay Plaintiff and the other alleged WARN class members the pay and benefits contributions alleged, denies that it was obligated to do so as it was not Plaintiff's and the other alleged WARN class members' employer, denies any wrongful conduct, and denies the remaining allegations contained in Paragraph 47 of the Complaint.

## **PLAINTIFF'S PRAYER FOR RELIEF**

48. Responding to the WHEREFORE Paragraph of the Complaint, NCP denies that Plaintiff or any alleged class members have been harmed by NCP or are entitled to any of the relief requested or any relief whatsoever from NCP.

49. NCP denies every allegation of the Complaint not expressly admitted or otherwise controverted above.

## FURTHER ANSWER AND DEFENSES

In further answer to Plaintiff's Complaint, NCP asserts the following defenses:

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against NCP. The Complaint fails to properly allege the elements necessary to state a cause of action against NCP for violation of the Worker Adjustment and Retraining Notification ("WARN") Act as a "single employer" as required by 29 U.S.C. §§ 2101-2109.

### THIRD DEFENSE

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of NCP's right to a fair trial and to substantive and procedural due process in violation of the Fourteenth Amendment of the United States Constitution.

### FOURTH DEFENSE

The Complaint is unsuitable for and cannot be maintained as a class action, and the applicable prerequisites for maintenance of a class action are not met here.

### FIFTH DEFENSE

Plaintiff is not an adequate representative of the purported class.

### SIXTH DEFENSE

There is no class of persons, with claims suitable for class treatment, that is so numerous that joinder is impractical.

**SEVENTH DEFENSE**

NCP complied, or sought in good faith to comply, with all obligations under the law, and had reasonable grounds for believing that its alleged acts and omissions were not a violation of the WARN Act.

**EIGHTH DEFENSE**

The claims of Plaintiff and the purported class members are barred in whole or in part by the doctrines of estoppel, laches, and/or waiver.

**NINTH DEFENSE**

Plaintiff's and the other purported class members' claims against NCP are barred on the grounds that NCP was not Plaintiff's and the purported class members' "employer" as that term is defined by the WARN Act.

**TENTH DEFENSE**

The claims in the Complaint are barred because NCP was not required to provide notice to Plaintiff and the purported class members pursuant to the WARN Act because, at the time that Plaintiff and the purported class members were terminated and before, Metadigm Holdings, Inc. was actively seeking capital or business that, if obtained, could have enabled Metadigm Holdings, Inc. to avoid or postpone the plant closing(s), and the Metadigm companies reasonably and in good faith believed that providing such notice would have prevented them from obtaining the needed capital or business.

**ELEVENTH DEFENSE**

NCP cannot be held liable as Plaintiff's and the other purported class members' employer within the meaning of the WARN Act as it did not exercise de facto control over the Metadigm companies or Plaintiff and the other purported class members nor did it order or initiate the plant closings/mass layoffs of which Plaintiff complains.

**TWELFTH DEFENSE**

The claims of Plaintiff and other purported class members are barred by the doctrines of set-off and/or recoupment.

**THIRTEENTH DEFENSE**

Plaintiff and the purported class members are not entitled to recover benefits under the Employee Retirement Income Security Act ("ERISA") to the extent that they have failed to exhaust administrative remedies prior to filing the instant action and have otherwise failed to satisfy the requirements under ERISA, and because the benefits alleged by Plaintiff are not proper under the WARN Act.

**FOURTEENTH DEFENSE**

Plaintiff and the purported class members are not entitled to recover the damages sought in the Complaint because the alleged damages exceed the permissible damages prescribed by the WARN Act.

**FIFTEENTH DEFENSE**

The claims asserted in the Complaint are barred in whole or in part by the failure of Plaintiff or other purported class members to mitigate alleged damages, if any.

**SIXTEENTH DEFENSE**

The cause of action asserted against NCP in this Complaint is barred, in whole or in part, because it would result in unjust enrichment to Plaintiff and the other purported class members.

## SEVENTEENTH DEFENSE

The doctrines of setoff or recoupment apply to all wages, benefits, unemployment compensation and all amounts Plaintiffs and similarly situated individuals have received as compensation or payment for any reason since the date(s) of the termination of their employment.

## EIGHTEENTH DEFENSE

The putative class includes employees who were otherwise excluded from the WARN notification requirement, thus prohibiting them from recovering under the WARN Act.

## NINETEENTH DEFENSE

NCP reserves the right to assert additional affirmative defenses as they become evident through further discovery and/or investigation.

By alleging the Defenses set forth above, NCP intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Further, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff or the purported class is entitled to any relief whatsoever.

## NCP'S PRAYER FOR RELIEF

WHEREFORE, Defendant Navigation Capital Partners, Inc. prays for judgment as follows:

1. That judgment be entered in favor of NCP and against Plaintiff and that the Complaint be dismissed with prejudice;

2. That NCP be awarded its costs of this action;

3. That NCP be awarded its reasonable attorneys' fees as may be determined by the Court;

    4.    That the Court award such other and further relief as it deems just and proper.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| James H. Coil III<br>Flora Manship<br>KILPATRICK TOWNSEND<br>   & STOCKTON LLP<br>Suite 2800<br>1100 Peachtree Street NE<br>Atlanta, GA 30309-4528<br>(404) 815-6500<br><br>Dated: October 2, 2014<br><sup>1167742</sup> | By: */s/ Kathleen Furey McDonough*<br>    Kathleen Furey McDonough (#2395)<br>    Michael B. Rush (#5061)<br>    Hercules Plaza, 6th Floor<br>    1313 North Market Street<br>    Wilmington, Delaware 19899-0951<br>    (302) 984-6000<br>    kmcdonough@potteranderson.com<br>    mrush@potteranderson.com<br><br>*Attorneys for Defendant Navigation Capital Partners, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Michael B. Rush, hereby certify that on October 2, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on October 2, 2014, the attached document was electronically mailed to the following person(s):

>Frederick Rosner, Esquire
>Julia B. Klein, Esquire
>THE ROSNER LAW GROUP LLC
>824 Market Street, Suite 810
>Wilmington, DE 19801
>rosner@teamrosner.com
>klein@teamrosner.com

>>*/s/ Michael B. Rush*
>>Kathleen Furey McDonough (#2395)
>>Michael B. Rush (#5061)
>>POTTER ANDERSON & CORROON LLP
>>(302) 984-6000
>>kmcdonough@potteranderson.com
>>nbrannick@potteranderson.com