**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DANIEL HAMPTON, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>    v.<br><br>NAVIGATION CAPITAL PARTNERS, INC.,<br><br>              Defendant. | Case No.:  13- 00747 (LPS) |

**PLAINTIFF'S BRIEF IN RESPONSE TO
<u>DEFENDANT'S MOTION TO TRANSFER CASE</u>**

Frederick Rosner (DE#3995)          René S. Roupinian
Scott J. Leonhardt (DE#4885)        Jack A. Raisner
THE ROSNER LAW GROUP LLC            OUTTEN & GOLDEN LLP
824 N. Market Street                3 Park Avenue, 29th Floor
Suite 810                           New York, NY  10016
Wilmington, DE 19801                Telephone:  (212) 245-1000
Tel: (302) 777-1111

Date: June 29, 2015

# TABLE OF CONTENTS

I.     Introduction ........................................................................................................... 1

II.    Nature and Stage of Proceedings ......................................................................... 3

III.   Statement of Facts ................................................................................................ 3

IV.    Summary of Argument ......................................................................................... 4

V.     Argument .............................................................................................................. 5

A.     Defendant Should not be Allowed to Raise the Issue of Venue Again....................…..5

    1.     Denial of Defendant's Initial Transfer Request is Law of the Case .............................. 5

    2.     Defendant's Motion Should be Denied Because of its Undue Delay ............................ 6

B.     The *Jumara* Factors are not Strongly in Defendant's Favor……………………………7

    1.     The Relevant Standard ......................................................................................... 7

    2.     The Balance of the Parties' Preferences Weighs Strongly Against Transfer ................ 8

    3.     The Fact that the Events Took Place in Georgia is of Limited Significance Here ....... 11

    4.     It is not Inconvenient for the Parties to Litigate in Delaware and the Location of the Parties does not Favor Transfer ..................................................................................... 12

    5.     Defendant did not Demonstrate that the Convenience of Third-Party Witnesses is a Relevant Consideration .................................................................................................. 14

    6.     The Location of Evidence is not a Significant Factor .................................................. 15

    7.     The Public Interest Factors do not Favor Transfer ..................................................... 16

VI.    Conclusion ........................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Academisch Ziekenhuis Leiden v. Cardiomems, Inc.*,
   No. 10-1127, 2011 WL 864911 (D. Del. Mar. 9, 2011) .......................................................8, 9

*ADE Corp. v. KLA-Tencor Corp.*,
   138 F. Supp. 2d 565 (D. Del. 2001).........................................................................9, 12, 15

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998)................................................................................17

*Autodesk Can. Co. v. Assimilate, Inc.*,
   No. CIV. 08-587-SLR-LPS, 2009 WL 3151026 (D. Del. Sept. 29, 2009) ............................16

*Beres v. Thomson McKinnon Sec., Inc.*,
   No. 85 CIV. 6674 (SWK), 1987 WL 16977 (S.D.N.Y. Sept. 10, 1987) ...............................10

*Bogosian v. Gulf Oil Corp.*,
   No. 71-1137, 1972 WL 531 (E.D. Pa. Feb. 16, 1972) ...................................................5

*Carty v. Health-Chem Corp.*,
   567 F. Supp. 1 (E.D. Pa. 1982) ....................................................................................10

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*,
   No. 01-199-SLR, 2001 WL 1617186 (D. Del. Nov. 28, 2001) ...................................9, 10, 16

*Downing v. Globe Direct LLC*,
   2010 WL 1560054 (D. Del. June 18, 2010)..................................................................10

*Egan v. Duell*,
   No. 88 C 4388, 1989 WL 36206 (N.D. Ill. Apr. 13, 1989)................................................17, 18

*Graphics Properties Holdings Inc. v. Asus Computer International, Inc.*,
   964 F. Supp. 2d 320 (D. Del. 2013)................................................................... *passim*

*Gulf Research & Dev. Co. v. Schlumberger Well Surveying Corp.*,
   98 F. Supp. 198 (D. Del. 1951).....................................................................................5

*Hampton v. Navigation Capital Partners, Inc.*,
   64 F. Supp. 3d 622 (D. Del. 2014)................................................................................12

*Hayman Cash Register Co. v. Sarokin*,
   669 F.2d 162 (3d Cir. 1982)...........................................................................................5

*Intellectual Ventures I LLC v. Altera Corp.*,
 842 F. Supp. 2d 744 (D. Del. 2012) (Stark, J.) ............................................................ *passim*

*Intellectual Ventures I LLC v. Checkpoint Software Technologies Ltd.*,
 797 F. Supp. 2d 472 (D. Del. 2011) (Stark, J.) ....................................................16, 17

*Jumara v. State Farm Ins. Co.*,
 55 F.3d 873 (3d Cir. 1995)........................................................................................6, 8

*Koff v. Brighton Pharm., Inc.*,
 709 F. Supp. 520 (D.N.J. 1988) ..................................................................................11

*McGraw-Edison Co. v. Van Pelt*,
 350 F.2d 361 (8th Cir. 1965) .........................................................................................6

*Micro Design LLC v. Asus Computer Int'l*,
 No. CV 14-837-LPS-CJB, 2015 WL 2089770 (D. Del. May 1, 2015) ................8, 14

*Mosaid Technologies, Inc. v. Sony Ericsson Mobile Commc'ns (USA), Inc.*,
 885 F. Supp. 2d 720 (D. Del. 2012).............................................................................14

*Motown Record Corp. v. Mary Jane Girls, Inc.*,
 660 F. Supp. 174 (S.D.N.Y. 1987) ..............................................................................18

*Oral-B Labs., Inc. v. Mi-Lor Corp.*,
 611 F. Supp. 460 (S.D.N.Y. 1985) ..............................................................................17

*Peteet v. Dow Chem. Co.*,
 868 F.2d 1428 (5th Cir. 1989) .......................................................................................7

*Pragmatus AV, LLC v. Yahoo! Inc.*,
 No. CV 11-902-LPS-CJB, 2013 WL 4629000 (D. Del. Aug. 28, 2013)....................18

*Schwilm v. Holbrook*,
 661 F.2d 12 (3d Cir. 1981)..............................................................................................7

*Shutte v. Armco Steel Corp.*,
 431 F.2d 22 (3d Cir. 1970)..............................................................................................7

*Standard v. Stoll Packing Corp.*,
 210 F. Supp. 749 (M.D. Pa. 1962)..................................................................................7

*Tse v. Ventana Med. Sys., Inc.*,
 No. 97-37-SLR, 1997 WL 811566 (D. Del. Nov. 25, 1997) .........................8, 12, 14

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
 157 F.R.D. 215 (D. Del. 1993) ..............................................................................13, 14, 17

*Ziegler v. Dart Indus., Inc.*,
    383 F. Supp. 362 (D. Del. 1974)...............................................................................7

**Statutes**

28 U.S.C. § 1391............................................................................................................3

Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et. seq.*...........................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(3) and 12(b)(6) ...........................................................................3

Navigation Capital Partners, Inc.'s ("NCP" or "Defendant") belated motion to transfer smacks of forum shopping after this Court rejected its motion to dismiss almost a year ago. Having failed once to transfer venue to Georgia in that same motion, now, a year later, NCP seeks a second bite at the apple although nothing has changed. It relies on nothing but pre-existing facts. Even if the Court decides to revisit the issue of venue, transfer is still not called for. Defendant unduly delayed its transfer request and it cannot avoid its home state's courts by claiming it is inconvenient, as it does here.

## I.    Introduction

This Court has already addressed and denied a motion to transfer filed by NCP. When NCP moved to dismiss this case, it also requested that the Court dismiss the case for improper venue, or, in the alternative, transfer the case to the Northern District of Georgia. The Court denied NCP's motion in its entirety. With respect to NCP's transfer request, the Court reasoned in part that Delaware is where NCP resides, and that the most convenient forum for a Defendant is normally the forum of residence.

Now, two years later, having received an unfavorable decision on its motion to dismiss, NCP argues once again that it should not be required to stand before this Court. Plainly NCP seeks to try its luck in front of another Court. Moreover, NCP's motion blatantly ignores the Court's statement from its initial denial of transfer that a defendant's forum of residence is normally the most convenient forum. NCP argues that Delaware is not convenient for it and that "[a]part from Defendant's state of incorporation, this case has no connection to Delaware whatsoever . . . ." (Def. Br. p. 4). Indeed, NCP doesn't even mention its prior transfer request.

All of the factors cited by NCP as a basis to transfer venue existed at the time that it initially requested transfer and could have been raised at that time. In support of this motion,

NCP puts in a declaration from the same executive who put in a declaration in support of its initial venue arguments, simply adding certain facts that were equally true then as they are now. Accordingly, there is no basis for the Court to revisit the question of venue. Indeed, even if it were to reconsider the issue, the only things that have changed since NCP first sought to transfer this case are that the Court invested its time in determining the motion to dismiss on the merits and that Plaintiff invested time and resources in preparing to litigate in this forum – further reasons to deny the motion.

Now, NCP seeks once again to disavow the convenience of its home venue. But, Courts have recognized that a corporation should not be permitted to benefit from Delaware law when it suits it for corporate purposes, but run from the jurisdiction claiming no ties to it whatsoever when it does not. Further, contrary to Defendant's contention, it is a bedrock principle of venue selection that a plaintiff's choice of venue – made for legitimate reasons – is entitled to significant deference and should not be lightly disturbed. This is so even where a plaintiff has not chosen to litigate in his home forum. Moreover, the convenience gains from transfer are limited, it is not inconvenient for a Defendant to litigate in its state of incorporation, depositions can be taken in Georgia, most of the relevant documents are electronic, and Defendant did not present evidence that witnesses will be unavailable in Delaware in the unlikely event of trial.

The public interest also does not favor transfer because the Court has expended resources shepherding the case through its early stages, familiarizing itself with the relevant case law, and deciding Defendant's motion to dismiss. If the case is transferred, it will most likely not be put before the bankruptcy judge that is overseeing Plaintiff's class adversary cases against Metadigm[1] and will go to a district judge who will likely be unfamiliar with the facts and law.

---

[1] "Metadigm" refers to Metadigm Holdings, Inc., Metadigm Services, Inc., and Metadigm Engineering, Inc.

In sum, NCP should have put forth the evidence it presents now when it first raised the issue of venue.  It did not, and the Court should not evaluate a second transfer request two years later based on information that was available at the time of the first request.  Even if the Court does consider the merits of NCP's request, it should be found meritless.

## II.    Nature and Stage of Proceedings

By his complaint, Daniel Hampton ("Plaintiff") alleges that NCP is liable under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*. for the termination of himself and a putative class of other employees without legally mandated notice.  (D.I. 1).  The complaint seeks recovery against NCP under a theory that it was a "single employer" of Plaintiff and the putative class with its Metadigm subsidiaries.  *Id.*

On June 3, 2013, NCP moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6), or in the alternative, requested that the case be transferred to the Northern District of Georgia.  (D.I. 8).  The Court denied the motion to dismiss finding that Plaintiff stated a claim and that venue was appropriate in this district under the general venue provision, 28 U.S.C. § 1391.  (D.I. 20-21).  Nearly a year later, NCP filed the motion at hand, seeking to transfer the case to the Northern District of Georgia.  (*See* D.I. 26).

## III.    Statement of Facts

NCP is a private equity firm that currently manages approximately $320 million of invested and committed capital.  (Exhibit 1 ("Investment Strategy"); Exhibit 2 (Brochure)).[2] NCP's principals have deployed over $1.5 billion.  (Exhibit 3 ("Press Room")).  NCP is incorporated in Delaware.  (D.I. 28 (June 10, 2015 Declaration of Eerik Giles) at ¶ 3).  NCP's portfolio companies have been and are located throughout the United States.  (Exhibit 4 ("Recent Exits"); Exhibit 5 ("Current Investment")).  NCP's partners serve on the Boards of Directors of

---

[2] All references to "Exhibits" are to exhibits attached to the Raisner Declaration filed concurrently herewith.

NCP portfolio companies throughout the United States.  (Exhibit 6 ("Our Team")).  Discovery in litigation against Metadigm has revealed that potential class members are located not only in Georgia but in several states throughout the country.  (Raisner Dec. ¶ 7).

When NCP initially requested that the Court transfer this case, it submitted a declaration from Eerik Giles, that indicated, *inter alia*, that NCP "has no employees or physical operations in Delaware, and does not perform services or transact any business in Delaware" and that "none of the entities known as [Metadigm] maintained a physical presence, had any operations, or had any customers or workers servicing contracts in Delaware in 2012 or 2013."  (D.I. 9, Exhibit A (May 30, 2013 Declaration of Eerik Giles)).  Now, in support of its motion, NCP has submitted a declaration from Mr. Giles that contains substantially the same information as his first declaration but adds certain facts relating to the location of the officers, employees, and records of NCP, the residence of the former CEO of Metadigm, and the place of business of Aurora Management Partners, an entity that provided management and restructuring services to Metadigm in March of 2013.  (*Compare* D.I. 28 with D.I. 9).  NCP does not indicate that any of this newly provided information was unavailable to it when it filed its June 2013 motion.

## IV.    Summary of Argument

1.    The denial of a transfer motion is law of the case and Defendant does not set forth newly available facts.  Even if the initial denial of transfer does not absolutely foreclose transfer now, NCP unduly delayed bringing this motion based on facts that existed at the time of its initial transfer request causing expense to Plaintiff and expenditure of time by the Court.

2.    Even if the motion is decided on the merits of transfer, it should be denied. Transfer is disfavored.  Defendant has not met its burden of demonstrating that the balance of factors weighs heavily in favor of transfer.

4

a. Plaintiff selected the forum for legitimate reasons: NCP is incorporated in Delaware; Plaintiff did not want to litigate in NCP's home turf; and this Court has a reputation for expertise in complex civil litigation. This choice is entitled to significant deference.

b. Defendant's preference is entitled to significantly less weight than Plaintiff's.

c. It is not inconvenient for Defendant to stand before its home Court particularly because Defendant has national reach.

d. Witnesses can be deposed at any location. Document production can be made in electronic format. Defendant has not put forth evidence that witnesses would be unavailable for trial and witnesses who are members of the class may be from one of a number of states.

e. Transferring the case will not lead to increased efficiency because this Court has already decided a motion to dismiss and the case would likely be transferred to a new District Judge who is less familiar with the facts.

f. Delaware has an interest in adjudicating disputes regarding its corporations that is at least equal to the interest that Georgia has in this case.

## V.    Argument

## A.    Defendant Should not be Allowed to Raise the Issue of Venue Again

### 1.    Denial of Defendant's Initial Transfer Request is Law of the Case

Where a motion to transfer is denied "the denial of the motion to transfer constitutes the law of the case." *Bogosian v. Gulf Oil Corp.*, No. 71-1137, 1972 WL 531, at *1 (E.D. Pa. Feb. 16, 1972). The Court "normally should not [depart from this decision] except on a showing of substantial error, a subsequent change in the facts or other circumstances warranting a departure from its previous ruling." *Id.* (denying motion for reconsideration where no new facts were presented); *see also Gulf Research & Dev. Co. v. Schlumberger Well Surveying Corp.*, 98 F. Supp. 198, 201 n.7 (D. Del. 1951) ("The denial of a motion to transfer constitutes the law of the case") (citation omitted). *Cf. Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162, 165 (3d Cir. 1982) (holding that once a transferor court decides the issue of venue, it is law of the case and a transferee court cannot revisit the issue except in "unusual circumstances").

5

Here, without even mentioning the fact that it had previously requested a transfer as an alternative to dismissal for improper venue, Defendant seeks transfer once again. However, it does not argue that there has been substantial error, a change in facts, or any unusual circumstances warranting a departure from this Court's previous denial of transfer.

The mere fact that Defendant did not support its initial transfer request with a factual submission regarding the convenience of the parties and witnesses and the interests of justice does not diminish the fact that it made a request for a transfer. It should not be permitted to revisit this request absent new facts, which it does not present, or a showing of unusual circumstances or substantial error, which it has not made.

### 2.     Defendant's Motion Should be Denied Because of its Undue Delay

Even if the Court does not see fit to deny Defendant's motion on a strict law of the case analysis, it should deny it based on Defendant's undue delay. Defendant undoubtedly had in mind that it wanted to litigate this case in Georgia from the outset. It moved for dismissal on venue grounds or for transfer along with its motion to dismiss. Had it set forth all the facts necessary to conduct a *Jumara* analysis in its first motion, and all those facts existed at that time, it could have saved the Court from the burden of deciding the motion to dismiss on the merits (had the Court found that the *Jumara* factors favored transfer at that time). Instead, the Court has invested its time in the case, and Plaintiff has expended resources in bringing Delaware local counsel up to speed on the case and preparing for litigation in this forum. Even after Defendant's motion to dismiss or to transfer was denied, it waited nearly another full year before bringing this motion. This caused further preparation for trial in this Court such as the submission of a proposed scheduling order. (D.I. 25). Thus, Defendant has unduly delayed making this motion and it should be denied. *See, e.g.*, *McGraw-Edison Co. v. Van Pelt*, 350 F.2d

361, 363 (8th Cir. 1965) (affirming denial of transfer on basis of delay because motion was brought "five months after the suits were filed, during which time there had occurred extensive preparation and expense on the part of plaintiffs' Nebraska counsel in getting the cases ready for local trial" and "Petitioner had itself . . . invoked the court's time and consideration on motions and other incidents"); *Standard v. Stoll Packing Corp.*, 210 F. Supp. 749, 750 (M.D. Pa. 1962) (delay in making transfer motion where transfer would force use of new attorneys or travel for existing attorneys creates significant inconvenience for opposing party); *Cf. Schwilm v. Holbrook*, 661 F.2d 12, 16 (3d Cir. 1981) (granting transfer but indicating that "we do not hold that a section 1404(a) transfer may never be denied for delay").

Even if the Court determines that Defendant's motion warrants consideration on the merits, the Court should be mindful of the impact of Defendant's delay and analysis of the transfer factors should be done through the lens of Defendant's delay.  *See Ziegler v. Dart Indus., Inc.*, 383 F. Supp. 362, 364 (D. Del. 1974) ("where the movant has waited over four years to file the transfer motion . . . it is equitable to require the movant to produce substantial reasons for a transfer"); *see also Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) ("Courts have considered a party's delay in denying a motion to transfer").

**B.    The *Jumara* Factors are not Strongly in Defendant's Favor**

**1.    The Relevant Standard**

"The decision to transfer is in the court's discretion, but a transfer is not to be liberally granted."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  In this regard,

> [t]he party seeking a transfer has the burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer[.]"  That burden is a heavy one: "unless the balance of convenience of the parties is *strongly in favor of defendant,* the plaintiff's choice of forum should prevail."

*Micro Design LLC v. Asus Computer Int'l*, No. CV 14-837-LPS-CJB, 2015 WL 2089770, at *2

(D. Del. May 1, 2015) citing *Shutte*, 431 F.2d at 25; *Jumara v. State Farm Ins. Co.,* 55 F.3d 873,

879 (3d Cir. 1995).

"When transfer is sought by a defendant with operations on a national or international

scale, that defendant must prove that litigating in Delaware would pose a unique or unusual

burden on [its] operations." *Graphics Properties Holdings Inc. v. Asus Computer International,*

*Inc.*, 964 F. Supp. 2d 320, 325 (D. Del. 2013) (Stark, J.) (citations omitted).

In weighing the merits of a motion to transfer, the Court considers private and public

interests. *See Jumara*, 55 F.3d at 879-80. The factors generally considered by Courts in the

Third Circuit are set forth in Defendant's brief on page 5 and are therefore not repeated here.

(*See* Def. Br. p. 5 citing Jumara.)

## 2.    The Balance of the Parties' Preferences Weighs Strongly Against Transfer

"It is black letter law that a plaintiff's choice of a proper forum is a paramount

consideration in any determination of a transfer request, and that choice should not be lightly

disturbed." *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 753 (D. Del. 2012)

(Stark, J.) ("*Altera*") citing *Shutte,* 431 F.2d at 25. "Thus, 'courts normally defer to a plaintiff's

choice of forum.'" *Id.* quoting *Jumara,* 55 F.3d at 880. "Indeed, '[t]he deference afforded

plaintiff's choice of forum will apply as long as plaintiff has selected the forum for some

legitimate reason." *Id.* at 753-54 quoting *Cypress Semiconductor Corp. v. Integrated Circuit*

*Sys., Inc.,* No. 01-199-SLR, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001).

It is legitimate for a plaintiff to select a forum based on the fact that it is Defendant's

place of incorporation. *See Tse v. Ventana Med. Sys., Inc.*, No. 97-37-SLR, 1997 WL 811566, at

*6 (D. Del. Nov. 25, 1997) ("In the present case, the plaintiffs have a legitimate reason for

choosing this forum: defendant Ventana is a Delaware corporation.") *accord Academisch Ziekenhuis Leiden v. Cardiomems, Inc.*, No. 10-1127, 2011 WL 864911, at *3 (D. Del. Mar. 9, 2011) (holding same; collecting cases).

Another legitimate consideration is a plaintiff's desire not to litigate on a defendant's home turf. *See ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001) ("[I]n selecting Delaware, ADE was expressing its preference to litigate here, rather than on KLA's home turf in California."); *Academisch Ziekenhuis Leiden*, 2011 WL 864911, at *3 ("Plaintiff may have made a strategic decision to litigate outside of Defendant's home turf"). Plaintiff has also selected Delaware because of its expertise in complex civil litigation. *Cypress Semiconductor Corp.*, 2001 WL 1617186, at *5 ("Cypress filed in Delaware because the court is noted for its efficient docket and its expertise in complex civil litigation.").

Here, Plaintiff selected this forum for legitimate reasons including that NCP is incorporated in this forum, that Plaintiff desired to keep the litigation out of NCP's home turf, and because of the reputation of this Court. Accordingly, Plaintiff's choice of forum is entitled to significant weight.

NCP, however, argues that because (a) Plaintiff does not reside in Delaware, (b) the cause of action did not accrue there, and (c) Plaintiff seeks to represent a class, "Plaintiff's choice of forum in Delaware should not be accorded deference." (Def. Br. p. 6-7). Defendant misconstrues the case law on this issue. Plaintiff's selection of forum is always entitled to significant weight in the transfer analysis. In this regard,

> [a]lthough transfer of an action is usually considered as less [in]convenient to a plaintiff if the plaintiff has not chosen its 'home turf' or a forum where the alleged wrongful activity occurred, **the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer.**

9

*Cypress Semiconductor Corp., Int'l Microcircuits*, 2001 WL 1617186, at *2 (citation and internal quotation marks omitted; emphasis added); *see also Altera*, 842 F. Supp. 2d at 753 ("[t]he deference afforded plaintiff's choice of forum will apply as long as plaintiff has selected the forum for some legitimate reason").

If NCP were correct, then a plaintiff's choice of forum would not be entitled to deference unless he selects his own forum of residence to bring suit. But, none of the cases cited by Defendant stand for the proposition that a Plaintiff's choice of forum is not entitled to deference if he did not file suit in his home forum – rather the issue is a matter of degree of deference. Plaintiff's choice of a forum for legitimate reasons is always entitled to deference. *See supra.*

NCP cites to *Downing v. Globe Direct LLC*, 2010 WL 1560054, at *3 (D. Del. June 18, 2010), for the proposition that Plaintiff's choice of forum "is entitled to even less deference" because he "is bringing this case on behalf of a class." (Def. Br. p. 7). But this argument also does not hold water. Where a class has not yet been certified and "the pertinent issues as to such treatment have not been fully or properly presented," there is no basis to impair the weight of plaintiff's forum choice. *Carty v. Health-Chem Corp.*, 567 F. Supp. 1, 3-4 (E.D. Pa. 1982).

Further, where the plaintiff has a significant pecuniary interest in the outcome of the case, "plaintiffs will want to be closely involved in the case, and their choice of forum should receive its due weight." *Beres v. Thomson McKinnon Sec., Inc.*, No. 85 CIV. 6674 (SWK), 1987 WL 16977, at *4 (S.D.N.Y. Sept. 10, 1987) (distinguishing between a representative action where plaintiffs had significant money claims and derivative suits where plaintiffs seek a few hundred dollars at most); *Carty v. Health-Chem Corp.*, 567 F. Supp. at 4 (declining to impair putative class plaintiff's right to forum choice because his individual damages were substantial and he was more than a "nominal" or "phantom plaintiff").

10

Here, no class has been certified, the details of the class have not been determined, and Plaintiff has a significant individual pecuniary stake in the litigation which seeks 60 days' wages and benefits on his behalf. Moreover, NCP has not set forth any reason why Plaintiff would not have a significant interest in selecting a forum that is in the best interest of the class. Thus, there is no basis to accord Plaintiff's forum choice less weight because he seeks to represent a class.

For all the foregoing reasons, Plaintiff's legitimate selection of NCP's state of incorporation as the venue of this case is entitled to significant weight. On the other hand, "[u]nder Third Circuit law, Defendants' preference for an alternative forum is not given the same weight as Plaintiff's preference." *Altera*, 842 F. Supp. 2d at 755. Accordingly, the balance of the parties' preferences weighs heavily against transfer.

### 3. The Fact that the Events Took Place in Georgia is of Limited Significance Here

While the employment terminations that gave rise to this litigation occurred in Georgia, this factor does not hold significant weight here because the facts of the termination are not location-specific and do not need to be seen by a factfinder. *See Koff v. Brighton Pharm., Inc.*, 709 F. Supp. 520, 529 (D.N.J. 1988) (denying transfer and holding that "the formation of a contract is not the type of activity for the evaluation of which a factfinder needs to visit the place where the activity occurred"). The evidence in this case can be easily transported in electronic format, as discussed below in Point 6, and does not need to be viewed in Georgia.

Further, while Defendant indicates that all of the putative class members worked in Georgia, in fact, discovery obtained from ADP, LLC, a non-party payroll company, in Plaintiff's action against Metadigm has revealed that the class of terminated employees may ultimately contain a significant component of non-Georgia residents because Metadigm employed workers who resided throughout the United States. (*See* Raisner Dec. ¶ 7). Accordingly, the "center of

11

gravity" of this case is not heavily concentrated in Georgia and this factor should not be given significant weight.

   4.    **It is not Inconvenient for the Parties to Litigate in Delaware and the Location of the Parties does not Favor Transfer**

Throughout its brief, Defendant states its mantra that "there is no connection with Delaware other than the fact that NCP is incorporated there." (*E.g.,* Def. Br. p. 3). But it is well established that incorporation in a state is a significant bond for purposes of venue selection. Indeed, as noted above, this Court recognized that principal in this very case. When the Court denied Plaintiff's initial venue motion, it stated that "Delaware is where NCP, as a Delaware corporation, resides [and] '**[t]he most convenient forum for a defendant is normally the forum of residence** . . . .'" *Hampton v. Navigation Capital Partners, Inc.*, 64 F. Supp. 3d 622 (D. Del. 2014) quoting *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.,* 529 U.S. 193, 200 (2000) (emphasis supplied). Thus, Defendant is not correct that its location favors transfer.

Moreover, there are "a long line of decisions from this District, which make plain that a Delaware corporation must expect an uphill climb in proving that it is, in any meaningful sense, 'inconvenient' to defend its actions in the forum in which the corporation has freely chosen to create itself." *Altera*, 842 F. Supp. 2d at 756 (denying transfer and reasoning that "the Court is placing substantial weight on the incorporation of all four Defendants in Delaware"); *Tse*, 1997 WL 811566, at *6 ("[Defendant] chose Delaware as its legal home and should not now complain that another [party] has decided to sue [defendant] in Delaware.") (citation omitted; alterations in original); *ADE Corp.*, 138 F. Supp. 2d at 572-73 ("one aspect of a company's decision to incorporate in Delaware is that under our jurisdictional and venue statutes it is agreeing to submit itself to the jurisdiction of the courts in this state").

Thus, "[a]bsent some showing of a unique or unexpected burden, [] corporations should not be successful in arguing that litigation in their state of incorporation is inconvenient." *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993) (holding that defendant had not established that litigation in state of incorporation was "unusually burdensome or oppressive" because "managers . . . should . . . expect that the corporation may have to respond to litigation both at their principal place of business and in their state of incorporation.")

Likewise, "[w]hen transfer is sought by a defendant with operations on a national or international scale, that defendant must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *Graphics Properties Holdings Inc.*, 964 F. Supp. 2d at 325 (citations omitted; second alteration in original).

Defendant is a Delaware corporation that owns and directs companies from coast to coast and in between.  (*See* Exhibits 1-6).  Defendant has not claimed or demonstrated that litigation in Delaware would place any unique, unusual or unexpected burdens on it.  Indeed, the only factor that Defendant discusses in its convenience of the parties analysis is the location of party witnesses.  But, "[p]arty witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Altera*, 842 F. Supp. 2d at 757.  Thus, not only has Defendant not demonstrated that litigation in Delaware would be unusually inconvenient, but it has not demonstrated any true inconvenience whatsoever.

Finally, even if Defendant had demonstrated that the parties would be inconvenienced by litigation in Delaware, which it has not, for at least the past two decades Courts in this district have recognized "the somewhat archaic nature of the 'convenience of the parties' factor in

13

determining a motion to transfer." *Tse v. Ventana Med. Sys., Inc.*, 1997 WL 811566, at *7

(citation omitted); *Wesley-Jessen Corp.*, 157 F.R.D. at 218 ("technological advances have

substantially reduced the burden of having to litigate in a distant forum"); *Graphics Properties*

*Holdings Inc.*, 964 F. Supp. 2d at 330 ("the burden of transferring evidence has been

significantly reduced").  Thus, any inconvenience to the parties that might be identified would

not counsel strongly for transfer because this convenience factor should not receive substantial

weight in the ultimate balancing of factors.

### 5.    Defendant did not Demonstrate that the Convenience of Third-Party Witnesses is a Relevant Consideration

The convenience of the witnesses is relevant "'only to the extent that the witnesses may

actually be unavailable for trial in one of the fora.'"  *Micro Design LLC*, 2015 WL 2089770, at

*8 citing *Jumara,* 55 F.3d at 879.  While Defendant claims it has "identified several third-party

witnesses that reside in the Northern District of Georgia," but is "unaware of any [third-party]

witnesses who . . . are subject to the subpoena power of this Court" (Def. Br. p. 9), this is

irrelevant.  Rather, the burden is on Defendant to demonstrate that witnesses will not appear for

trial.  *See Graphics Properties Holdings Inc.*, 964 F. Supp. 2d at 329 ("There is no evidence from

which the Court can conclude that necessary trial witnesses will refuse to appear in Delaware for

trial without a subpoena."); *Mosaid Technologies, Inc. v. Sony Ericsson Mobile Commc'ns*

*(USA), Inc.*, 885 F. Supp. 2d 720, 725 (D. Del. 2012) ("There is no indication, however, that this

potential witness or any others cannot be available for trial in Delaware.  This factor is neutral. . .

.").

*Altera*, 842 F. Supp. at 757-58, is directly on point.  There, Your Honor noted that there

was no "evidence from which the Court can conclude that necessary trial witnesses will refuse to

appear in Delaware for trial without a subpoena" and therefore gave "little weight" to the

convenience of the witnesses.  Your Honor reasoned that the "Court's subpoena power is relevant only to ensuring that witnesses come to Delaware to testify *at trial*," that "[e]very witness' deposition testimony can be compelled by some court," that it is overwhelmingly likely that federal civil litigation will not go to trial, that even if a case is one of the rare ones that go to trial, "it is always possible, if not likely, that third-party fact witnesses with material, non-cumulative evidence will voluntarily appear at trial," and that even if they do not, "their testimony can always be compelled through a deposition, by service of a notice of deposition and enforcement of such by a court with jurisdiction over the witness at issue."

Similarly, here, Defendant did not demonstrate that third-party witnesses will refuse to appear for trial.  Moreover, at the outset, any depositions of third-party witnesses can be held in the Northern District of Georgia (or any other convenient district), within the subpoena power of that Court.  In the unlikely event that the case goes to trial, and if the witnesses do not appear to testify, trial testimony can also be taken in Georgia.  Accordingly, Defendant has not demonstrated that the convenience of the witnesses weighs in favor of transfer.

### 6.    The Location of Evidence is not a Significant Factor

Given modern technology, "the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles."  *ADE Corp.*, 138 F. Supp. 2d 565 at 571.  Moreover, "as a practical matter, regardless of the trial venue, most of the discovery will take place in . . . locations mutually agreed to by the parties."  *Graphics Properties Holdings Inc.*, 964 F. Supp. 2d at 328.  Accordingly, "the location of relevant evidence favors transfer, but only slightly."  *Id.* at 330 (noting that the burden of transferring evidence has been significantly reduced).

Moreover, while Defendant places great emphasis on the location of employment and payroll records, ADP has already produced many of these records to Plaintiff in electronic form in the WARN adversary proceedings against Metadigm pursuant to a subpoena issued in those cases and served in New Jersey.  (Raisner Dec. ¶¶ 5-6).  Likewise, Plaintiff has already examined Metadigm's potentially relevant physical records that are located in Georgia.  (Raisner Dec. ¶ 8).  Defendant has not put forward any evidence demonstrating that there are any records that remain to be produced that exist in any form other than electronic media.  Even if such records did exist, they could easily be digitized.

Finally, "[r]egardless of where the trial is held, the documents will be copied and mailed to the offices of counsel and subsequently transported to trial."  *Cypress Semiconductor Corp., In'l Microcircuits*, 2001 WL 1617186, at *4.  Accordingly, the location of documents is not an issue of any significance in this action.

### 7.    The Public Interest Factors do not Favor Transfer

Defendant argues that the public interest favors transfer because the Northern District of Georgia has a greater interest in deciding the dispute.  (Def. Br. p. 10).  But, in *Intellectual Ventures I LLC v. Checkpoint Software Technologies Ltd.*, 797 F. Supp. 2d 472 (D. Del. 2011) (Stark, J.) ("*Checkpoint Software*"), the Court determined that Delaware's interest in deciding cases involving companies incorporated in Delaware is at least equal to the interest of the state in which the companies were headquartered.  *Id.* at 486; *see also Autodesk Can. Co. v. Assimilate, Inc.,* No. CIV. 08-587-SLR-LPS, 2009 WL 3151026, at *9 (D. Del. Sept. 29, 2009) ("Delaware clearly has a substantial interest in addressing lawsuits brought against Delaware corporations.").  Thus, the District of Delaware has at least an equal interest in resolving this case as the Northern District of Georgia.

Defendant also argues that transfer is in the public interest because aggregate litigation costs will likely be lower in Georgia, where witnesses and evidence are already located, and that this factor "weighs strongly in favor of transfer."  (Def. Br. p. 11) (citation omitted).  However, where the parties are "capable of bearing th[e] additional expense" associated with litigating in the forum, this factor is muted.  *See Checkpoint Software*, 797 F. Supp. 2d at 486.  NCP does not argue that it is not capable of bearing the cost of litigating in Delaware, and as discussed above in Point 4, entities are expected to plan for litigation in their state of incorporation.  *See Wesley-Jessen Corp.*, 157 F.R.D. at 218.

Further, where the factors making trial "easy, expeditious, or inexpensive" are the same as other factors previously considered in the analysis, those factors are not double-counted.  *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 205 (D. Del. 1998) (declining to double-count convenience arguments under this factor because it would "throw[] off the 'balance of convenience'").  Here, Defendant improperly seeks to double-count the convenience of parties and witnesses factors under the guise of public interest.  In any event, as discussed above, these factors do not weigh strongly for transfer here.

Finally, as discussed at length above in Section V.A.1-2, Defendant's delay in filing this motion and setting forth evidence in favor of transfer caused the Court to invest time in this case and decide a motion to dismiss prior to considering NCP's arguments put forward by this motion.  Where a Court has already decided substantive motions, it is unwise to transfer the case.  *Oral-B Labs., Inc. v. Mi-Lor Corp.*, 611 F. Supp. 460, 463 (S.D.N.Y. 1985) ("a preliminary injunction hearing has already been held, and it seems unwise to transfer a case after initial substantive decisions have already been made."); *Motown Record Corp. v. Mary Jane Girls, Inc.*, 660 F. Supp. 174, 175 (S.D.N.Y. 1987) ("having decided a summary judgment motion, this court

17

is already familiar with the action, another factor weighing in favor of keeping it here."); *Egan v. Duell*, No. 88 C 4388, 1989 WL 36206, at *1 (N.D. Ill. Apr. 13, 1989) (citing *Oral-B Labs* as basis for deciding motion to transfer prior to motion to dismiss).

Relatedly, NCP does not argue that this case could be consolidated with the Adversary Proceeding against Metadigm absent which any efficiency gains are virtually eliminated. *See Pragmatus AV, LLC v. Yahoo! Inc.*, No. CV 11-902-LPS-CJB, 2013 WL 4629000, at *9 (D. Del. Aug. 28, 2013) ("even were the case transferred, it may not be consolidated with the [related] Action—an outcome that would lessen, if not eliminate, any potential for efficiency gains") *report and recommendation adopted*, 2013 WL 5755250 (D. Del. Oct. 22, 2013) (Stark, J.).[3]

Accordingly, because this Court is intimately familiar with the case and the transferee Court would not be, the public interest factors weigh in favor of maintaining venue in Delaware.

## VI.    Conclusion

Wherefore, for all the foregoing reasons, Defendant has not met its burden of demonstrating that the case should be transferred and its motion should be denied in its entirety.

Dated:  June 29, 2015

Respectfully submitted,

By:

  /s/ Scott J. Leonhardt    
Scott J. Leonhardt (#4885)
Frederick Rosner (#3995)
**THE ROSNER LAW GROUP LLC**
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**

---

[3] As demonstrated by Defendant, the time to trial in both districts is virtually identical.  Accordingly, this factor does not weigh in favor of transfer.

3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

*Attorneys for the Plaintiff and the Putative Class*