# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL HAMPTON, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NAVIGATION CAPITAL PARTNERS, INC.,<br><br>        Defendants. | Civil Action No. 1:13-747-LPS |

## REPLY BRIEF IN SUPPORT OF DEFENDANT NAVIGATION CAPITAL PARTNERS, INC.'S MOTION TO TRANSFER CASE

OF COUNSEL:
(Admitted *pro hac vice*)

James H. Coil III
Flora Manship
KILPATRICK TOWNSEND
& STOCKTON LLP
Suite 2800
1100 Peachtree Street NE
Atlanta, Georgia 30309-4528
Tel: (404) 815-6500
jcoil@kilpatricktownsend.com
fmanship@kilpatricktownsend.com

Dated: July 9, 2015
1194876 / 40338

Kathleen Furey McDonough (#2395)
Michael B. Rush (#5061)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
kmcdonough@potteranderson.com
nbrannick@potteranderson.com

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

Page

I.  SECTION 1404 TRANSFER ANALYSIS IS NOT THE LAW OF THE CASE AND THERE HAS BEEN NO PREJUDICIAL DELAY THAT SHOULD PREVENT THE COURT FROM ADDRESSING IT NOW. ..........................................................................1

    1.  This motion is the first and only time that NCP has sought to transfer the case pursuant to 28 U.S.C. § 1404. ...................................................................1

    2.  There has been no undue or prejudicial delay in bringing this motion....................2

II. THE *JUMARA* ANALYSIS FAVORS TRANSFER ...........................................................5

    1.  Plaintiff's forum choice is entitled to less than paramount deference. ....................5

    2.  It is significant that all relevant events took place in Georgia. ...............................6

    3.  Litigating in Delaware would be inconvenient for both parties, the class, and third-party witnesses, whereas litigating in Georgia would be convenient for all and inconvenient for none.......................................................7

    4.  The key sources of proof are in Georgia..................................................................9

    5.  The public-interest factors also favor transfer. .....................................................10

III. CONCLUSION................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) .............................................................................................. 8

*Bogosian v. Gulf Oil Corp.*,
   No. 71-1137, 1972 WL 531 (E.D. Pa. Feb. 16, 1972) ................................................................ 2

*Carter v. Clark Material Handling Co.*,
   No. 97 C 4424, 1998 WL 89244 (N.D. Ill. Feb. 17, 1998) ..................................................... 2, 3

*Carty v. Health-Chem Corp.*,
   567 F. Supp. 1 (E.D. Pa. 1982) ............................................................................................... 2, 6

*Cashman v. Dolce Int'l/Hartford, Inc.*,
   225 F.R.D. 73 (D. Conn. 2004) .................................................................................................. 6

*Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*,
   529 U.S. 193 (2000) ................................................................................................................... 8

*Downing v. Globe Direct LLC*,
   C.A. No. 09-693 (JAP), 2010 WL 2560054 (D. Del. Jun. 18, 2010) ........................................ 5

*Genetic Techs. Ltd. v. Natera, Inc.*,
   C.A. No. 12-1737-LPS, 2014 WL 1466471 (D. Del. Apr. 15, 2014) ..................................... 5, 8

*Gulf Research & Dev. Co v. Schlumberger Well Surveying Corp.*,
   98 F. Supp. 198 (D. Del. 1951) ............................................................................................... 2, 6

*Hayman Cash Register Co. v. Sarokin*,
   669 F.2d 162 (3d Cir. 1982) ....................................................................................................... 2

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011) ................................................................................................ 10

*Intellectual Ventures I LLC v. Altera Corp.*,
   842 F. Supp. 2d 744 (D. Del. 2012) ............................................................................. 5, 8, 9, 10

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
   797 F. Supp. 2d 472 (D. Del. 2011) ......................................................................................... 10

*Koff v. Brighton Pharm., Inc.*,
   709 F. Supp. 520 (D.N.J. 1988) ................................................................................................. 7

*McGraw-Edison Co. v. Van Pelt*,
   350 F.2d 361 (8th Cir. 1965) ...................................................................................................... 3

*McRo, Inc. v. Activision Blizzard, Inc.*,
  2013 WL 6571618 (D. Del. Dec. 13, 2013) ............................................................................... 8

*MP Vista, Inc. v. Motiva Ents. LLC*,
  C.A. No. 07–099–GMS, 2008 WL 5411104 (D. Del. Dec. 29, 2008) ....................................... 6

*Nalco Co. v. AP Tech Grp.*,
  C.A. No. 13–1063–LPS, 2014 WL 3909114 (D. Del. Aug. 8, 2014) .................................. 8, 10

*OpenTV, Inc. v. Netflix, Inc.*,
  C.A. No. 12-1733-GMS, 2014 WL 1292790 (D. Del. Mar. 31, 2014) ...................................... 5

*Schwilm v. Holbrook*,
  661 F.2d 12 (3d Cir. 1981) ..................................................................................................... 3, 4

*Smith v. Kyphon, Inc.*,
  578 F. Supp. 2d 954 (M.D. Tenn. 2008) ................................................................................... 2

*Standard v. Stoll Packing Corp.*,
  210 F. Supp. 749 (M.D. Pa. 1962) .......................................................................................... 3, 4

*Zazzali v. Swenson*,
  852 F. Supp. 2d 438 (2012) ............................................................................................... passim

*Ziegler v. Dart Indus., Inc.*,
  383 F. Supp. 362 (D. Del. 1974) ................................................................................................ 4

**Statutes**

28 U.S.C. § 1391(b) ......................................................................................................................... 8

28 U.S.C. § 1404 ............................................................................................................................. 1

28 U.S.C. § 1404(a) ..................................................................................................................... 1, 2

29 U.S.C. § 2104(a)(5) ................................................................................................................. 1, 6

**Rules and Regulations**

Fed. R. Civ. P. 12(b) ................................................................................................................... 2, 3

Fed. R. Civ. P. 12(b)(3) .................................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

In his Brief in Response to Defendants Motion to Transfer Case ("Response"), Plaintiff sets forth a litany of unpersuasive arguments in an effort to avoid transfer. Many are misleading or irrelevant, and none are supported by the cases he cites. Their inclusion in Plaintiff's Response simply reveals that Plaintiff has not negated the compelling reasons why this case should be transferred to Georgia.

I.  **SECTION 1404 TRANSFER ANALYSIS IS NOT THE LAW OF THE CASE AND THERE HAS BEEN NO PREJUDICIAL DELAY THAT SHOULD PREVENT THE COURT FROM ADDRESSING IT NOW.**

   1. **This motion is the first and only time that NCP has sought to transfer the case pursuant to 28 U.S.C. § 1404.**

In an attempt to distract from the merits of the Section 1404 analysis, Plaintiff claims that Navigation Capital Partners, Inc. ("NCP") "seeks a second bite at the apple" because the Court "has already addressed and denied a motion to transfer filed by NCP." (Pl. Mem. at 1). This contention is simply untrue. NCP previously filed a motion to dismiss the case on two grounds: (1) for improper venue pursuant to Fed. R. Civ. P. 12(b)(3); and (2) for the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 8). As an alternative to dismissing the case, NCP requested that, if the Court found that venue was improper under the WARN Act's venue provision, 29 U.S.C. § 2104(a)(5), it "should transfer the case to the Northern District of Georgia, where venue would be proper." The venue-related portion of the motion to dismiss concerned solely whether venue was proper *vel non* in Delaware. The Court denied the Rule 12(b)(3) motion, holding that venue was proper. Thus, the Court did not have to address the transfer request. NCP's present Motion to Transfer Case ("Motion"), on the other hand, concerns not whether venue is proper, but rather whether venue would be more convenient elsewhere pursuant to 28 U.S.C. § 1404(a), which permits a court to transfer an action for "the convenience of parties and witnesses, in the interest of justice." Section 1404 is used when, although venue is

proper in the present venue, an alternative forum would be more convenient. *See, e.g.*, *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 446-47 (2012) (finding that venue was proper in Delaware but granting motion to transfer case pursuant to Section 1404(a)).[1] As set out in NCP's Motion, the Northern District of Georgia would be overwhelmingly more convenient.

The cases Plaintiff cites do not support his argument that the Motion is barred by the law of the case doctrine. In *Bogosian v. Gulf Oil Corp.*, No. 71-1137, 1972 WL 531, at *1 (E.D. Pa. Feb. 16, 1972), the defendant initially filed a Section 1404 motion to transfer and, after the court denied the motion, filed a motion for reconsideration. In *Gulf Research & Dev. Co v. Schlumberger Well Surveying Corp.*, 98 F. Supp. 198, 201 n.7 (D. Del. 1951), and *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982), the plaintiffs sought retransfer of previously transferred cases back to the transferor courts. These cases are inapposite to this situation, in which NCP filed a motion to dismiss for *improper* venue, and once that issue was resolved, filed a Section 1404 motion to transfer. *See, e.g.*, *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 957 (M.D. Tenn. 2008) ("[A] motion to dismiss for improper venue pursuant to Rule 12(b) is not the same as a motion to transfer to a more convenient venue under 28 U.S.C. § 1404(a)."); *Carter v. Clark Material Handling Co.*, No. 97 C 4424, 1998 WL 89244, at *2 (N.D. Ill. Feb. 17, 1998) ("[D]efendants may move for a transfer of venue even though they previously moved to dismiss for improper venue. . . . [P]laintiff's waiver arguments fail . . . .") (citations omitted). The legal issues are different, and the law of the case is not implicated here.

2. **There has been no undue or prejudicial delay in bringing this motion.**

Plaintiff argues that NCP "unduly delayed" in bringing this motion. (Pl. Mem. at 4, 6). This claim is neither factually nor legally sound. Legally, a defendant is not required to file a

---

[1] In *Carty v. Health-Chem Corp.*, 567 F. Supp. 1, 2 (E.D. Pa. 1982), cited by Plaintiff at 6, the court noted that "28 U.S.C. § 1404(a) provides for transfer from one *proper* venue to another."

Section 1404 transfer motion at the time of its first filing of a Rule 12(b) motion to dismiss. *Schwilm v. Holbrook*, 661 F.2d 12, 16 (3d Cir. 1981); *Carter*, 1998 WL 89244, at *2 ("While a 12(b)(3) motion to dismiss for improper venue must be filed before the answer, a motion to transfer venue may be filed at any time."). The timeliness of a motion to transfer depends on what has occurred prior to the motion, not the duration of time since the inception of the case. Here, the first motion that NCP brought in this case was one that NCP had to raise at the outset— a Rule 12(b) motion. *See* Fed. R. Civ. P. 12(b) (stating that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed"). Since NCP filed its Answer after the Court ruled on the Rule 12(b) motion, virtually nothing has happened in the case. The case remained dormant until the Court ordered the parties to confer on a scheduling order on May 14, 2015, [D.I. 24], at which point the parties then conferred about and submitted a proposed scheduling order that tolls proceedings for 120 days to permit the parties to mediate the case. There has been no formal discovery or other Court activity. As of the time of the filing of this brief, the Court has not yet approved the proposed scheduling order. The case has been at a standstill, and this Motion's timely purpose is to place the matter in the proper forum *before* Court supervision of the litigation is required in the event mediation is unsuccessful.

The cases that Plaintiff cites do not support his contention that there was undue delay here. In *McGraw-Edison Co. v. Van Pelt*, 350 F.2d 361 (8th Cir. 1965), the court noted that there had been "extensive preparation and expense" to get the cases ready for trial and that the petitioner had invoked the court's "time and consideration" on at least four motions as well as discovery objections and had sought its own discovery. *Id.* at 363. Here there has been no discovery, and NCP previously filed only one motion that it would have otherwise waived.

3

In *Standard v. Stoll Packing Corp.*, 210 F. Supp. 749, 750 (M.D. Pa. 1962), although the plaintiffs voluntarily filed suit in one venue, after they had engaged in discovery they moved to transfer the case 15 days before the beginning of the trial term. *Id.* at 750. The court denied the motion because transfer would delay trial and would be inconvenient for the defendants. *Id.* In this case, discovery has not even commenced and no trial is scheduled.

The court in *Schwilm v. Holbrook* granted the transfer motion, specifically noting that "Section 1404(a) does **not** include a time limitation." 661 F.2d at 16 (emphasis added). In recognizing that *prejudicial* delay could be a basis for denial of a transfer motion, the court cited two cases in which plaintiffs (not defendants) waited four and five years, respectively, to seek transfer from venues that they personally selected at filing. *Id.*

Plaintiff also directly quotes *Ziegler v. Dart Indus., Inc.*, 383 F. Supp. 362 (D. Del. 1974), but omits the portion of the court's language that indicates that the movant had previously resisted a motion by the defendant to transfer the case. *Id.* at 364 ("Particularly in this case, where the movant has waited over four years to file the transfer motion **and has previously resisted a motion by the defendant to transfer the case to another district**, it is equitable to require the movant to produce substantial reasons for a transfer.") (emphasis added). Plaintiff also ignores the fact that the movant in *Ziegler* was the plaintiff, not the defendant.

Plaintiff's claim that NCP "waited nearly another full year" after the Court denied the motion to dismiss before bringing this Motion is irrelevant, and his claim that the delay is "undue" is meritless. Critically, Plaintiff does not contend that he has been prejudiced at all by any alleged delay, nor could he because there has been no activity in the case for that period of time. Other than the motion to dismiss—which NCP was required to bring at the outset—and the filing of NCP's answer, virtually nothing else has happened in the case.

4

## II. THE *JUMARA* ANALYSIS FAVORS TRANSFER

Despite Plaintiff's arguments, the merits of the *Jumara* analysis confirm that transfer to Georgia is warranted.

### 1. Plaintiff's forum choice is entitled to less than paramount deference.

NCP recognized that Plaintiff's choice of forum weighs against transfer. However, this factor should be accorded less than "paramount" consideration here because, unlike the plaintiff in *Intellectual Ventures I LLC v. Altera Corp.*, cited by Plaintiff, this Plaintiff did not file suit on his own home turf, as Plaintiff is a resident of Georgia. *See OpenTV, Inc. v. Netflix, Inc.*, C.A. No. 12-1733-GMS, 2014 WL 1292790, at *2 (D. Del. Mar. 31, 2014). Although Plaintiff's reasons for filing suit in Delaware may be legitimate, that does not entitle this factor to paramount importance. *Genetic Techs. Ltd. v. Natera, Inc.*, C.A. No. 12-1737-LPS, 2014 WL 1466471, at *1 (D. Del. Apr. 15, 2014) ("[T]he amount of deference to be given to GTG's choice of forum is somewhat reduced given that Delaware is not GTG's 'home turf.' . . . While GTG has rational and legitimate reasons for suing Natera in Delaware . . . these factors are not dispositive . . . .").

Additionally, Delaware is not the home turf of any of the putative class members. (As discussed below, Georgia is.) Because Plaintiff is bringing this case on behalf of a class, his choice of forum is entitled to even less deference. In *Downing v. Globe Direct LLC*, C.A. No. 09-693-JAP, 2010 WL 2560054, at *3 (D. Del. Jun. 18, 2010), the court explained:

> Although Plaintiff correctly argues substantial deference is typically given . . . the Court affords less deference to Plaintiff's forum choice in this case for several reasons. As an initial matter, Delaware is not Plaintiff's 'home' forum. . . . Plaintiff, as well as apparently all purported class members, reside in Massachusetts. [Defendant], too, is located in Massachusetts, thus litigating in Delaware will require additional travel, expense, and inconvenience for all parties. Plaintiff has shown little, if any, corresponding benefit he receives in terms of convenience by litigating this case in Delaware. . . . Additional factors warrant giving less deference to Plaintiff's choice of forum. Because Plaintiff

> purports to bring this action on behalf of other class members, his choice of forum is entitled to less weight.

*Id.* at *3; *see also MP Vista, Inc. v. Motiva Ents. LLC*, C.A. No. 07–099–GMS, 2008 WL 5411104, at *2 (D. Del. Dec. 29, 2008) ("[T]he plaintiff's choice of forum becomes 'substantially less important' when he sues representatively on behalf of a class."). Similarly, here Plaintiff has shown no relative convenience gains from litigating this case in Delaware.

Plaintiff cites *Carty v. Health-Chem Corp.* for his assertion that because a class has not yet been certified, "there is no basis to impair the weight of plaintiff's forum choice." (Pl. Mem. at 10). However, the *Carty* court held merely that the specific circumstances of that case did not warrant devaluing the plaintiff's forum choice, but recognized that in certain cases, the forum choice of a class action plaintiff should be given limited weight. 567 F. Supp. at 3. Although class certification has not been briefed, because this is a WARN case, it is especially likely that a class would be certified. 29 U.S.C. § 2104(a)(5) (referencing appropriateness of class-based proceedings to obtain statutory relief); *Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 90 (D. Conn. 2004) (". . . WARN actions are particularly amenable to class-based litigation.").[2] Also unlike *Carty*, the size of the class is not unknown. *Compare* Compl. ¶¶ 7, 10, 16 (referencing class size of approximately 150 individuals) *with Carty*, 567 F. Supp. at 4 ("[N]either the size of the proposed class nor the number of individuals in the class who reside in Pennsylvania has been determined.").

### 2. It is significant that all relevant events took place in Georgia.

As noted in NCP's Motion, all of the relevant events in this case took place in Georgia, and none occurred in Delaware. Plaintiff argues that "this factor does not hold significant weight here because the facts of the termination are not location-specific and do not need to be seen by a

---

[2] Furthermore, in light of Plaintiff's Response, had NCP waited until after class certification to bring this Motion, Plaintiff would have argued that there was further delay.

6

factfinder." (Pl. Mem. at 11). Plaintiff cites no authority for this contention; instead, he cites a contract-formation case, *Koff v. Brighton Pharm., Inc.*, 709 F. Supp. 520, 529 (D.N.J. 1988), with no factual or legal similarities to this case. Plaintiff tries to downplay the undeniable truth that every relevant fact giving rise to this action took place in Georgia: the putative class members were employed in Georgia,[3] both Metadigm and NCP were headquartered in Georgia, and the relevant plant shutdowns occurred in Georgia. Moreover, Plaintiff is currently pursuing this same action against Metadigm in bankruptcy proceedings in the Northern District of Georgia, using local counsel in Georgia.

> **3. Litigating in Delaware would be inconvenient for both parties, the class, and third-party witnesses, whereas litigating in Georgia would be convenient for all and inconvenient for none.**

As noted in NCP's Motion, the convenience of the parties strongly favors transfer. Plaintiff argues that NCP "blatantly ignores" the Court's statement in its order denying NCP's Motion to Dismiss that "[t]he most convenient forum for a defendant is normally the forum of residence." (Pl. Mem. at 1). Yet Plaintiff again confuses the propriety of venue generally with the inquiry under Section 1404 as to the relative convenience of different fora. The Court made

---

[3] Plaintiff erroneously claims that his review of ADP payroll records shows that "a significant number of employees of Metadigm, and therefore potential class members, were located in states throughout the country." Raisner Decl. ¶ 7; *see* Pl. Mem. at 11 ("[T]he class of terminated employees may ultimately contain a significant component of non-Georgia residents because Metadigm employed workers who resided throughout the United States."). Plaintiff does not reveal how many individuals he deems to be "a significant number," nor does he contend that any of them are or were located in Delaware. More critically, this unknown number of individuals does not constitute "potential class members" simply by virtue of the fact that they were Metadigm employees, because the putative class consists only of employees at either of the two Georgia Metadigm facilities. Compl. ¶¶ 7, 16. Metadigm employed workers at other facilities in Tennessee and Kentucky. Decl. of Eerik Giles, filed herewith, ¶ 3. The location of former employees of the non-Georgia facilities has no relevance to the transfer analysis because these individuals are not "potential class members." Plaintiff has not presented any evidence that any of the putative class members are not located in Georgia; thus, his vague contention should not affect the transfer analysis. Given that all putative class members were employed in the Northern District of Georgia, it is reasonable to presume that most, if not all, still live there.

the quoted statement in the context of ruling on NCP's motion to dismiss for improper venue—not on a Section 1404 motion to transfer venue.[4] The Court did not hold that a case can never be transferred from the state of incorporation of a defendant, but rather stated that under the general venue statute, a defendant's forum of residence is normally the most convenient forum. In the context of this Motion, the Court's observation applies with greater force to NCP's *other* forum of residence—the Northern District of Georgia—the location of its principal place of business. *See* 28 U.S.C. § 1391(b), (c). Indeed, courts have transferred cases from the defendant's state of incorporation on numerous occasions. *See, e.g.*, *Nalco Co. v. AP Tech Grp.*, C.A. No. 13-1063-LPS, 2014 WL 3909114 (D. Del. Aug. 8, 2014); *McRo, Inc. v. Activision Blizzard, Inc.*, 2013 WL 6571618 (D. Del. Dec. 13, 2013); *Natera, Inc.*, 2014 WL 1466471.

In addition, the most important third-party witnesses will likely be the Aurora employees. Aurora's corporate office is in Georgia. Decl. of Eerik Giles ¶ 8, ECF No. 28. "Fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit . . . have traditionally weighed quite heavily in the 'balance of convenience' analysis." *Zazzali*, 852 F. Supp. 2d at 451 (quoting *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998)). Like in *Zazzali*, here "Plaintiff has not pointed to any material non-party witnesses who reside in or near Delaware." *Id.* Similarly, "[h]ere, where none of the material non-party witnesses are within this Court's subpoena power and almost all of the material non-party witnesses are within the proposed transferee court's subpoena power, this factor weighs in favor of transfer." *Id.* Plaintiff argues incorrectly that this factor is "irrelevant" because NCP did not demonstrate that these witnesses would refuse to appear for trial, citing to this Court's opinion in *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 756 (D. Del. 2012). But nowhere in the *Altera* opinion

---

[4] The Court cited to *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000), a case that dealt with the issue of improper venue, not venue transfer under Section 1404.

8

did this Court hold that this consideration was irrelevant.[5] Rather, this Court found that the factor weighed in favor of transfer, although with little weight. *Id.* at 758. Also, this Court issued its opinion in *Zazzali* after *Altera*, assessing similar facts to those here—in which the material non-party witnesses resided in the proposed transferee venue—and noted:

> Plaintiff has not pointed to any material non-party witnesses who reside in or near Delaware. The risk of a case going to trial and having crucial witnesses outside of the court's subpoena power who refuse to testify is one faced by all parties to a case. . . . Here, where none of the material non-party witnesses are within this Court's subpoena power and almost all of the material non-party witnesses are within the proposed transferee court's subpoena power, this factor weighs in favor of transfer.

*Zazzali*, 852 F. Supp. 2d at 451 (internal citation omitted). This Court did not require the defendant to prove the relevant witnesses would refuse to show up to trial for this factor to be relevant. Such a requirement would be nearly impossible to satisfy at the outset of litigation.

Plaintiff also attempts to argue that NCP is a "national" company with "coast to coast" operations and, therefore, faces a higher burden to show inconvenience. (Pl. Mem. at 13). However, the attachments to his Response—pages from NCP's website—show only that NCP holds an equity interest in companies that operate primarily in the Southeast U.S. region and eight other states, not that NCP has operating locations of its own anywhere other than Georgia. (Raisner Exs. 1, 3, 5). NCP does not operate on a national or international scale.

### 4. The key sources of proof are in Georgia.

Although "advances in technology may alter the weight" afforded to the convenience factor relative to key sources of proof, "it is improper to ignore them entirely." *In re*

---

[5] In fact, this Court specifically stated that on a motion to transfer, "courts frequently look to the availability of witnesses as an important factor, as it can be relevant to protecting a defendant's opportunity to put on its case with witnesses who will appear in person at the trial." *Altera*, 842 F. Supp. 2d at 756.

*Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011). In this case, the location of evidence is significant. Because Metadigm is in bankruptcy, many of its records are in boxes in the physical custody of the bankruptcy trustee in Georgia and not currently available electronically. Indeed, Plaintiff's counsel concedes that his representative had to physically inspect Metadigm records in Georgia. (Raisner Decl. ¶ 8).

### 5. The public-interest factors also favor transfer.

While courts in Delaware have found the "local interest" factor neutral in patent cases and in cases in which both parties were Delaware citizens, *see, e.g.*, *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472 (D. Del. 2011) (patent case against Delaware corporation); *Altera*, 842 F. Supp. 2d at 744 (all parties Delaware corporations), here there is a basis to find that this factor also favors transfer. Although NCP is a Delaware citizen, it is also a Georgia citizen; both Plaintiff and the class members are Georgia citizens; the claim arose in Georgia; and this is not a patent case.

### III. CONCLUSION

Just like in *Zazzali* and *Nalco*, "the only interest that weighs against transfer is Plaintiff's choice of forum." *Zazzali*, 852 F. Supp. 2d at 454; *Nalco*, 2014 WL 3909114, at *2 ("All of the other *Jumara* factors are either neutral or favor transfer. Overall, then, [defendant] has met its heavy burden of demonstrating that this case should be transferred. . . ."). For the foregoing reasons and as set out in NCP's Motion to Transfer, NCP respectfully requests that the Court transfer this case to the Northern District of Georgia.

| | |
|---|---|
| OF COUNSEL:<br>(Admitted *pro hac vice*)<br><br>James H. Coil III<br>Flora Manship<br>KILPATRICK TOWNSEND<br>& STOCKTON LLP<br>Suite 2800<br>1100 Peachtree Street NE<br>Atlanta, Georgia 30309-4528<br>Tel: (404) 815-6500<br>jcoil@kilpatricktownsend.com<br>fmanship@kilpatricktownsend.com<br><br>Dated:  July 9, 2015<br>1194876 / 40338 | POTTER ANDERSON & CORROON LLP<br><br>By: */s/ Michael B. Rush*<br>    Kathleen Furey McDonough (#2395)<br>    Michael B. Rush (#5061)<br>    Hercules Plaza, Sixth Floor<br>    1313 North Market Street<br>    P.O. Box 951<br>    Wilmington, Delaware 19899-0951<br>    Tel: (302) 984-6000<br>    kmcdonough@potteranderson.com<br>    nbrannick@potteranderson.com<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I, Michael B. Rush, hereby certify that on July 9, 2015, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on July 9, 2015, the attached document was electronically mailed to the following person(s):

>Frederick Rosner, Esquire
>Julia B. Klein, Esquire
>THE ROSNER LAW GROUP LLC
>824 Market Street, Suite 810
>Wilmington, DE 19801
>rosner@teamrosner.com
>klein@teamrosner.com

>/s/ Michael B. Rush
>Kathleen Furey McDonough (#2395)
>Michael B. Rush (#5061)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, Sixth Floor
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE  19899-0951
>(302) 984-6000 – Telephone
>(302) 658-1192 – Facsimile
>kmcdonough@potteranderson.com
>mrush@potteranderson.com